**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                                                CASE NO: 06-MJ-30083

v.                                                                    DISTRICT JUDGE DAVID M. LAWSON
                                                                      MAGISTRATE JUDGE CHARLES E. BINDER

TIMOTHY LEE BARRIGAR,

    Defendant.
_____/

**ORDER ON ORAL MOTION TO STAY EXECUTION OF BOND**

At a detention hearing held on April 25, 2006, the Government's Motion to Detain Defendant Barrigar was denied and a bond with conditions was set. Following that ruling, the Assistant United States Attorney ("AUSA") made an oral motion to stay execution of the release order. Because Defendant's release was not to be immediate due to the Court's order that he submit to a drug screening test as a condition of bond and to allow the parties further opportunity to develop their arguments, the Court temporarily stayed the execution of the bond order and set the matter for additional argument later in the day.

Having received the additional oral argument, **IT IS ORDERED** that the Government's oral motion to stay execution of bond is **DENIED**.

**I.**

Subsumed in the Government's motion to stay the Court's order for release is a threshold question that deserves greater consideration, and that is whether a detention hearing should have been held in this district in the first place or whether Defendant should have been transported to Arizona for consideration of the motion to detain. Two circuits have held that, when a defendant

has been charged in one district but arrested in another and the Government moves for detention in the district of arrest, the detention hearing should be deferred until the defendant reaches the charging district. *See United States v. Melendez-Carrion*, 790 F.2d 984 (2nd Cir. 1986); *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). These cases point out the general proposition that information about a defendant and the offense charged are usually more accessible and complete in the charging district than in the district of arrest. The Bail Reform Act itself provides little guidance as to the procedure or standards for a court in the district of arrest when considering detention or release.

Having reviewed the facts underlying the decisions from the Second and Seventh Circuit, I conclude that the presumptions underlying the rulings of those two circuits are not present in the set of facts before me here. From my review of *Melendez-Carrion* and *Dominguez*, the courts in both of those cases presume that the defendant's primary residence and situs is in the charging district and that he was apprehended in another district, presumably in the process of fleeing arrest. In this case we have the opposite. Here, besides being charged in Arizona, Defendant Barrigar, by agreement of both parties, has had little if any contact with that state. The evidence at the detention hearing made clear that all of the Defendant's major ties are to Michigan: he has resided in Michigan for some time, works in Michigan, and his family lives in Michigan. This is in complete contrast to the fact situations facing the Second and Seventh Circuits, and I conclude therefore that it was, and is, appropriate for this Court to consider the Government's motion to detain, as information about Defendant Barrigar is much more accessible and complete in this district than in the charging district.

**II.**

With regard to the Government's motion to stay, the AUSA cites 18 U.S.C. § 3145(a) in support of her arguments supporting a stay of execution of the release order and her request that Defendant Barrigar be detained and transported to Arizona.[1]  As noted by both counsel, this provision begins by stating:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .

18 U.S.C. § 3145(a)(1).

As I interpret this provision, I conclude first that it is clear at the outset that this language certainly means that review of a release order or detention order done either by a state judge or a magistrate judge is certainly to be done by a district judge, and the Second Circuit has explicitly so held in *United States v. Harrison*, 396 F.3d 1280 (2nd Cir. 2005).  However, this language has less obvious but very important significance in the Rule 40 context, such as in this case.  If a defendant's first appearance is before a magistrate judge in the district of arrest, as was the case here, it would appear from my research that the parties can secure review of a detention or release order only in the charging district.  The Second, Eleventh, and Ninth Circuits have so held.  *See United States v. El Edwy*, 272 F.3d 149 (2nd Cir. 2001); *United States v. Torres*, 86 F.3d 1029 (11th Cir. 1996); *United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995).  However, the circuits are split on this issue.  The D.C. Circuit held differently in *United States v. Xulam*, 84 F.3d 441 (D.C. Cir. 1996).  In that case the defendant was charged in the central district of California but arrested

---

[1] I note parenthetically that § 3145 enacted a number of significant changes from prior law, the most important of which relevant to this matter was that the Government now can seek review or appeal of release orders, a right it did not previously possess.

3

in the District of Columbia, and the magistrate judge ordered detention. The matter was appealed, and a district judge in the District of Columbia affirmed the detention order. Although the defendant was then transported to California and scheduled for a detention hearing, the Court of Appeals for the D.C. Circuit, by a split panel, vacated the district judge's order on the merits. The D.C. Circuit never addressed the issue of whether it actually had jurisdiction over the appeal.

A similar set of facts was faced in *Velasco v. Horgan*, 85 F.3d 520 (11th Cir. 1996). In that case, the defendant was charged in New York but arrested in Florida, and the parties litigated simultaneously in both districts the issue of the defendant's detention or release and received conflicting rulings. A magistrate judge in New York ordered release on conditions, but his order was automatically stayed by operation of local rule. As an aside, I note that no similar local rule exists in this district. A district judge in Florida ordered release, but a district judge in New York stayed release, and the Second Circuit affirmed that stay. Meanwhile, the marshal moved the defendant, and the Eleventh Circuit dismissed its appeal as moot.

While I therefore conclude that the state of the law on the issues raised by this motion is quite obviously unclear, what § 3145 does allow is for the Government to move for revocation of release based upon new evidence, and the Tenth Circuit has held that such a motion should be heard by a district judge in the charging district. *See United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003). The Ninth Circuit has also held that even if a magistrate judge has ordered release upon conditions, as is the case here, a district judge can *sua sponte* conduct a hearing and order detention. *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991).

Research has thusfar yielded only two cases in the history of the Bail Reform Act where a motion to stay execution of bond was made. Both of these occurred very early in the history of the Act, shortly after its enactment and during the time the constitutionality of the statute was being

4

challenged in multiple districts. In both of the cases, the motions to stay were denied. In *United States v. Rafsky*, No. 85-00303-1, 1987 WL 7196 (E.D. Penn. February 26, 1987), a motion to revoke bail and stay proceedings was denied and a motion by defendant to continue bail pending appeal of the constitutionality of the statute was granted. One month later, in *United States v. Nezaj*, 657 F. Supp. 232 (S.D.N.Y. 1987), the court denied a motion by the Government to stay pending appeal and a motion to reconsider. The district judge there held that the Government was not entitled to a stay and that defendant was to be released on conditions pending appeal to the Second Circuit. While these cases are clearly not binding precedent, I believe they provide some guidance.

General principles governing stays of proceedings provide further assistance. In this circuit, four factors are to be considered in determining whether to grant a stay pending appeal: 1) the likelihood of the appellant's success on appeal; 2) whether the appellant would be irreparably injured if the stay is denied; 3) whether a stay would substantially harm the opposing party; and 4) the public interest. *Oliver v. Kalamazoo Bd. of Educ.*, 548 F. Supp. 646 (W.D. Mich. 1982). The first two of the four factors are said to be most important. In this circuit, in order to justify a stay, the appellant (in this case the Government) must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that would be inflicted on others if a stay is granted. *Family Trust Found. of Kentucky v. Kentucky Judicial Conduct Comm.*, 388 F.3d 224, 227 (6th Cir. 2004).

As I weigh these factors, I note first that this Defendant is presumed innocent at this time. He has not been convicted of anything. I must similarly keep in mind the mandate of the Bail Reform Act that the Court is to impose the least restrictive conditions of bond consistent with its responsibility to assure the safety of the community and the Defendant's appearance as required

at further court hearings.  Looking at the *Family Trust* formulation, I conclude that if the stay is granted on the evidence presented, a presumptively innocent citizen of the United States will be held in detention and then transported by the U.S. Marshal to Arizona, a process that will take many days at the very least.  In light of the evidence presented, I conclude that this harm decidedly outweighs the harm possible if Defendant is allowed to be released on the conditions already set and directed to appear in Arizona at the date set for next proceedings.  I further conclude, under the formulation of the *Family Trust* case, that on the evidence presented, the Government has not presented the serious questions going to the merits relating to bond or detention as I described in greater detail in my oral findings denying the original motion to detain.

### III.

The Government's request has had the practical effect of allowing the Court the opportunity to reconsider the matters presented at the detention hearing, and having done so, the Court remains convinced that on the evidence presented, a set of stringent conditions can be crafted which can reasonably assure the safety of the community and the Defendant's appearance as required.  As mentioned in greater detail in the oral findings denying the motion to detain, the Defendant has resided in Michigan for some time, he has a job, and has no prior criminal history.  I remain unable to agree with the Government's characterization of the Defendant as a fugitive.  At all times the Government knew the Defendant's address and telephone number and those of his family.  The Government has had a warrant for the Defendant's arrest since May 2005, but elected not to execute it until last week.  The Defendant's reluctance to cooperate in further controlled drug transactions or his difficulties in traveling to Arizona do not by themselves justify detention.  The Defendant's acknowledged substance abuse problems can be addressed through conditions of bond.

For these reasons, the Court concludes that it is appropriate and necessary to deny the Government's motion to stay, directs that Defendant be released on the previously-imposed conditions, and that Defendant be directed to appear in the United States District Court in Arizona at the date and time set forth on the bond papers.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

 

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: April 26, 2006                                                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Phillip R. Sturtz and Janet Parker, and hand delivered to the Pretrial Services Office.

Dated:  April 26, 2006                                            By       s/Mary E. Dobbick
                                                                                                    Secretary to Magistrate Judge Binder